[Crim. No. 1582.   Fourth Dist.   Apr. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ALONZO
HELTON, Defendant and Appellant.

Alonzo Helton, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.— ██ Defendant-appellant was charged in an information with escaping from a state prison camp on July 19, 1959, in violation of Penal Code, section 4531. He was represented by the public defender, who, previous to trial, moved to dismiss the action under Penal Code, section 1381, requiring that when a defendant has been convicted in any court of this state of a felony and has been sentenced and has entered upon a term of imprisonment and at such time there is pending in any court of this state any other information charging defendant with a crime, it is made mandatory upon the district attorney of the county where the charge is pending to bring the same to trial within 90 days after such defendant shall have delivered to said district attorney written notice of the place of his imprisonment and of his desire to be brought to trial upon said charge, and, if not, the court must, on motion, dismiss the charge. This motion was denied. Defendant pleaded not guilty. A jury trial resulted in a verdict of guilty. Defendant appealed, in propria persona, and claims he offered to prove at the trial that he was, while in the prison camp, informed of his father's illness and that he went to attend his father's funeral in Fresno, and that the court wrongfully refused evidence as to why he escaped and that he also offered to prove, at the trial, that in 1960 he was arrested in New Mexico and that he informed the authorities there that he was a California escapee and signed a waiver of extradition and that the California authorities sent word that he was not wanted in California. Both offers of proof were refused. He also claims on appeal that on July 11, 1960, he was picked up in Oakland, was returned to San Quentin, and later sent to Folsom State Prison, and that about that date he claims he signed a demand for trial in the presence of a parole officer, but that it apparently was not received by the district attorney in San Bernardino County, or that it was lost and accordingly he was entitled to a dismissal of the action under Penal Code, section 1381, since the trial was

not had within the 90 days at the time of making the motion on January 27, 1961.

It was established that the district attorney did receive, on November 25, 1960, a written demand to be tried, and it was dated November 18, 1960. According to this demand, defendant was tried within the 90 days. Defendant relies upon the former claimed written demand in support of his motion. Defendant, testifying in his own behalf on the motion, said that on July 28, 1960, while in San Quentin Prison, he sent to one of the officers a request to furnish him with a form, "demand for trial," and he received the form, signed it on July 28, 1960, placed it in an envelope addressed to the legal adviser, and turned it over to the clerk in his office.

In the folder of defendant's prison record file was found, at Folsom, by John Ahern, correctional counsel, a pink slip dated August 2, 1960, requesting Peter J. Murray, chief records officer at San Quentin, to furnish defendant with necessary forms for "demand of trial." Defendant testified that he filled out a demand for trial in duplicate at that time and left both copies with a clerk in the parole officer's office, and the clerk (prison inmate) told defendant to "sit tight, [he] would be notified."

Mr. Ahern testified on the hearing of the motion that he helped defendant make out the so-called second notice in November 1960; that he had defendant's prison file before him and he did find the written request of defendant for such forms in the San Quentin file dated August 2, 1960; that he wrote to San Quentin to inquire if defendant had left a written demand for an immediate trial about that time and he received a negative reply and advised defendant to make one out at that time, i.e., November 18, 1960. The contents of the letter, dated November 1, 1960, requesting the information, and the reply thereto, were related in the evidence. Ahern also stated that he had no knowledge of receipt of such a notice by the district attorney in San Bernardino and that San Quentin officials were not "holding anything."

Mr. Murray, chief records officer at San Quentin, testified that he had charge of prison records at San Quentin at the time; that defendant's central file contains no record of any special demand for early trial; that he had the record of mail sent by inmates and that there is no indication that defendant wrote to the district attorney of San Bernardino County during that period. The record was placed in evidence and no evidence was ever found indicating that any demand

was sent by defendant in relation to an early trial. Murray testified that when such requests are signed by the inmates a carbon copy is also made and signed and this carbon copy is kept in the private central file of the inmate, and that there is no duplicate record in that file. The deputy district attorney testified that there was no record of any such so-called first demand received in his office. The trial court concluded that it was possible that defendant did obtain the forms from the prison official and did sign and execute them, but that defendant failed to show to its satisfaction that he mailed or delivered to the district attorney such a demand or that he placed it in channels which were prescribed by the prison authorities and that defendant failed to comply with Penal Code, section 1381.

The question before the trial court was a factual one for its determination. The defendant had previously been convicted of forgery and served time in San Quentin. We are bound by the familiar rule. (*Brewer* v. *Simpson,* 53 Cal.2d 567, 583 [2 Cal.Rptr. 609, 349 P.2d 289]; *People* v. *Love,* 53 Cal.2d 843, 851 [3 Cal.Rptr. 665, 350 P.2d 705].) No error thus appears. (*People* v. *Godlewski,* 22 Cal.2d 677 [140 P.2d 381]; *Osmulski* v. *Superior Court,* 169 Cal.App.2d 444 [337 P.2d 520]; *People* v. *Aguirre,* 181 Cal.App.2d 577 [5 Cal.Rptr. 477]; *People* v. *Ragsdale,* 177 Cal.App.2d 676 [2 Cal.Rptr. 640].)

■ There is no merit to defendant's claim made during trial that he should have a different attorney appointed other than the public defender. No conflict of interest appears. The record shows that defendant was given a fair and impartial trial and that his attorney was able, diligent and competent, and, considering the nature of the case and the practical admission of guilt by defendant of the charge, no prejudice is shown. (*People* v. *Hughes,* 57 Cal.2d 89 [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457].)

■ The exclusion, as immaterial, of testimony in reference to defendant's claimed reason for his escape, and the fact that he waived extradition when arrested in New Mexico, was a proper ruling.

■ Defendant next complains because after filing his notice of appeal, in propria persona, he made application for appointment of attorney to represent him on his appeal. This court, in response thereto, sent letters to both defendant and his former attorney, who conducted the trial, to ascertain what

points could be reasonably raised on appeal. Defendant's former counsel replied that he did not know of any reasonable meritorious questions that could be raised on the appeal. The members of this court examined the entire record and determined that it would not be helpful to the defendant or to the court to have counsel appointed and denied the application. (*People* v. *Hyde*, 51 Cal.2d 152, 154 [331 P.2d 42].) Several extensions of time were given defendant to file a brief or make such other showing as he desired. Defendant then raised the questions above indicated. The attorney general replied by memorandum to the court, setting forth the possible points he found and answered them with the conclusion that they were not meritorious. We have reached the same conclusion. Defendant relies upon the concurring opinion in *People* v. *Brown*, 55 Cal.2d 64, 69 [9 Cal.Rptr. 816, 357 P.2d 1072], claiming error in this respect. We do not interpret that decision as overruling the decision in *People* v. *Hyde, supra,* 51 Cal.2d 152.

Judgment and order denying new trial affirmed.

Shepard, J., and Coughlin, J., concurred.