[Crim. No. 1740.   Fourth Dist.   Dec. 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD LEE McFERRAN, Defendant and Appellant.

[Page content redacted]

Ronald Lee McFerran, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant was convicted, after a jury trial, of the crime of escape from a state prison, in violation of Penal Code, section 4530. He has appealed from the judgment of conviction.

The evidence shows that on October 26, 1959, defendant was serving a term in the Chino State Prison for conspiracy to commit extortion (Pen. Code, § 182). On that day, defendant was present at 4:30 or 4:40 in the afternoon, but thereafter, about 6:30 or 6:40 p. m., he could not be found on the prison grounds. Correction Officer Derho conducted a search and was unable to discover defendant's whereabouts.

A deputy sheriff of San Bernardino County testified that on February 16, 1962, he went to Leavenworth, Kansas and took defendant into custody. While they were traveling back to California, defendant told the deputy sheriff that he had left the state prison facility and that he had done so because he had become despondent over the denial of his wife's application for parole.

Defendant's first contention is that the trial court erroneously denied him the right to defend himself in propria persona. The record indicates that at the time of the arraignment in the superior court, defendant was represented by the public defender. Thereafter the public defender requested that this appointment be vacated and his motion was granted. Mr. Rosso was appointed to handle the defense. Some ten days later, Mr. Rosso asked to be relieved of the defense of the case and his motion was denied. At that time, defendant indicated that he was not dissatisfied with his attorney. It is clear that the trial court was not required to find another attorney for defendant because defendant and his attorney disagreed over legal questions. (*People* v. *Hughes*,

57 Cal.2d 89, 98 [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Helton,* 202 Cal.App.2d 622, 625 [20 Cal.Rptr. 867].)

Again, at the outset for the trial, after the jury had been selected and sworn, defendant asked to be allowed to conduct his own defense, with Mr. Rosso acting as his legal assistant. His request was denied. Defendant renewed the motion on the second day of trial and the court again denied the motion, saying, "I find he (defendant) is not capable of doing that."

It is apparent that the trial court was not required to grant defendant's request, conditioned as it was upon his having private counsel to advise him on legal issues. As was said in *People* v. *Mattson,* 51 Cal.2d 777, 793 [336 P.2d 937]:

"An attorney at law is a member of an ancient, honorable and deservingly honored profession. He is regarded as an officer of the court, of any court in which he appears. . . . The court should not appoint counsel—whether to defend an indigent or otherwise—and require of him that in so doing he surrender any of the substantial prerogatives traditionally or by statute attached to his office.

". . . Neither the express provisions of California law nor general considerations of fairness require that an intelligent, competent defendant who obdurately insists upon controlling and conducting his own defense should be entitled as a matter of right to the services of counsel to act under defendant's control."

In deciding whether or not to permit the defendant to conduct his own defense, the trial court was duty-bound to determine whether he was making a competent, intelligent and complete waiver of his constitutionally guaranteed right to be represented by counsel. This obligation has been described as a "serious and weighty responsibility" and its discharge requires a consideration of the nature of the charge, the facts and circumstances of the case and the education, experience, mental competence and conduct of the accused, and the determination made involves an exercise of discretion which, in the absence of a showing of abuse, will not be disturbed on appeal. (*People* v. *Shroyer,* 203 Cal.App.2d 478, 482 [21 Cal.Rptr. 460].)

It has also been held that the defendant in a criminal case is not entitled to be represented by an attorney for one purpose or at one moment during the course of his trial and to act as his own attorney for another purpose or during

another moment of the trial. (*People* v. *Jackson,* 186 Cal. App.2d 307, 317 [8 Cal.Rptr. 849].) The right to exercise the right to the assistance or nonassistance of counsel may only be invoked in the course of an orderly procedure. (*People* v. *Carlyon,* 191 Cal.App.2d 617, 621-622 [12 Cal.Rptr. 813]; *In re Connor,* 16 Cal.2d 701, 709 [108 P.2d 10].) The appellant was required to exercise his choice of counsel reasonably and not through mere caprice. (*People* v. *Gaither,* 173 Cal. App.2d 662, 670-671 [343 P.2d 799].) Therefore, it cannot be said that the trial court's order refusing to permit defendant to discharge his attorney and conduct his own defense was erroneous.

Defendant contends that the representation afforded by the court appointed attorney was so deficient as to have resulted in a miscarriage of justice. This contention is based on the fact that the attorney failed to argue to the jury that defendant was not the man who escaped because of a discrepancy between the spelling of the defendant's name on his birth certificate and the spelling of the escapee's name on the prison records. We were unable to agree with defendant's contention. Counsel may well have felt that defendant's argument or contention could have been demolished with ease. The deputy sheriff said that defendant admitted the escape. The guard identified defendant as the missing person. The finger print card of the escaped prisoner was in evidence. An examination of the reporter's transcript indicates that the attorney conducted the defense with considerable competence. His cross-examination of the prosecution witnesses was pointed and effective. It demonstrated a high degree of skill. We are convinced that appellant's real dissatisfaction with his attorney arises from the fact that defendant was convicted. This is not evidence of the incompetency of the defense attorney. (*People* v. *Hartridge,* 134 Cal.App.2d 659, 667 [286 P.2d 72].) An attorney is not responsible for the trail of evidence of guilt left by his client.

Copies of certain prison records were received in evidence to show that defendant was legally committed and was serving a sentence of imprisonment in a state prison at the time of his escape therefrom. These records were certified by Mr. Oberhauser, the superintendent of Chino State Prison and the legal custodian of the records. Defendant argues that the evidence should not have been received. Code of Civil Procedure, section 1918, subsection 6, provides that official documents of this type may be proved by the original or by

a copy certified by the legal keeper thereof. There was testimony that the certifying official in this case occupied the position that he claimed to hold. The court properly received the records. (*People* v. *Pollart,* 208 Cal.App.2d 793, 796 [25 Cal.Rptr. 678].)

Defendant's final contention is that the guard who identified him as the missing escapee was shown a photograph of the escapee prior to identifying defendant as that person. Defendant's contention is without merit. The photograph was received in evidence for examination by the jury. If there was any discrepancy between the photograph and defendant's appearance, the jury would have undoubtedly noticed it and discounted the guard's testimony.

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.