[Crim. No. 12898. Second Dist., Div. Four. Nov. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GRANT BRYANT, Defendant and Appellant.

Grant Bryant, in pro. per., Olive Starkweather and Gilbert F. Nelson, under appointments by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Frank O. Bell, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

KINGSLEY, J. — Defendant, together with Marie Louise Trevino, was charged with robbery in the first degree, the information charging that they were armed with a deadly weapon at the time of the offense. Trial by jury was duly waived. The court found defendant Bryant guilty as charged and defendant Trevino guilty of a violation of section 487, subdivision 2, of the Penal Code (grand theft from the person), a lesser and included offense. As to defendant Bryant, probation was denied and he was sentenced to state prison;[1] he has appealed;[2] we affirm the judgment.[3]

The case for the People was as follows: At about 2:30 a.m., on the morning of December 27, 1965, the two defendants entered a motel in Los Angeles and inquired the price of a room. They were given the information requested and then left. About 15 minutes later, they returned, defendant Bryant exhibited a gun and told the desk clerk (Henry Miles) to back

---

[1] As originally pronounced, and as originally entered by the clerk, the prison sentence was silent as to its relation to a previous sentence for which defendant was then on parole. Subsequently, and within 60 days, the court entered a *nunc pro tunc* order, directing that the two sentences be served concurrently. (Cf. Pen. Code, § 669.)

[2] Appellant originally filed a brief in propria persona; thereafter we appointed counsel for him who, after investigation of the record, reported to the court that no error could be found; at appellant's request we relieved that attorney and appointed a new counsel who filed a brief urging error with respect to the identification testimony. We have read and considered all the documents on file and consider herein all of the contentions made on behalf of appellant, either in his own brief or otherwise.

[3] The record before us does not disclose the ultimate disposition of the case as to Trevino; she is not involved in the present appeal.

away from the desk. Miles did so, defendant jumped over the counter and crouched down. Miles was told to open the cash drawer and did so. Defendant Trevino walked away and Miles did not see her thereafter. While Bryant was cleaning out the cash drawer at the desk another man, also displaying a gun, entered. Miles was taken into a back room where, after efforts to open a safe were unsuccessful, the two men tied Miles up and (using a desk chair as a dolly) wheeled the safe out. Miles ultimately freed himself and called the police.

About three weeks later, police officers showed Miles several police ''mug'' shots and he identified Bryant and Trevino from among them. At the trial, Miles testified to this earlier identification, as well as to an identification at the preliminary examination; he also made a positive identification of both defendants from the stand at the trial.

On February 16, 1966, Officer Clesceri went to an apartment in Los Angeles, knocked on the door and was admitted by defendant Bryant. The officer arrested Bryant and searched the apartment, finding therein a gun which was later identified as similar to that used in the robbery. It does not appear whether or not the officer had either a search or an arrest warrant.

I

■ Defendant argues that the evidence adduced against him at the preliminary examination was not (excluding evidence he contends was inadmissible) sufficient to justify holding him for trial. That transcript is not before us and any errors, if any there were, cannot be urged here, defendant's sole procedural remedy having been a motion under section 995 of the Penal Code and petition for a review under section 999a of that code. No such proceedings were initiated.

II

■ The second argument was that the arrest of defendant and the search of his apartment were illegal because not shown to have been made on probable cause. Defendant is in no position to urge that contention here. At the trial, the People sought to offer evidence on the issue of probable cause and were met by prompt and vigorous objection from counsel for defendant and from counsel for Trevino, both defense attorneys stating positively that no issue of probable cause was involved in the case.[4] Under these circumstances, defend-

<hr>

[4] ''MR. GESSLER: Your Honor, I strenuously object to any probable cause being offered against defendant Trevino. Her arrest is not in issue here. We are not making any point of the locality of her arrest. As to

ant cannot object to the absence of evidence which his own counsel successfully kept out of the record.

Defendant argues that this objection evidences a lack of adequate representation. It does not. As has often been pointed out, trial counsel must weigh the importance of possibly excluding evidence illegally secured against the certainty of bringing before the trier of fact a mass of otherwise inadmissible hearsay derogatory of his character. In the case at bench, the only evidence admitted against defendant was a gun identified only as "similar" to that used in the holdup. Counsel successfully argued against the admissibility of statements obtained from Bryant and Trevino which might possibly have been regarded as "fruits" of the arrest. The ultimate result here affirmatively shows the wisdom of counsel's tactics—the hearsay testimony as to bad character was excluded and only evidence of minimal probative value was admitted. The representation was not only adequate but good.

### III

As we have indicated above, the victim first identified the two defendants from police "mug" shots. Although defense counsel argued that those pictures should have been introduced at the trial, so that the trial court could determine whether or not they were identifiable as pictures of the defendants, they were never produced in court.

Counsel has cited us to no place in the record where defendant sought the use of subpoena power to secure these photographs; the sole argument was that the People were under an affirmative duty to produce them as part of the foundation for the in-court identification. We know of no such rule. The principal case cited by defense counsel is *People* v. *Ford* (1959) 175 Cal.App.2d 109 [345 P.2d 573]. But that case holds only that it was not error to introduce a "mug"

statements later obtained, there will be an objection. But, not on the basis of an illegal arrest, and I would then ask that no probable cause be produced. It is irrelevant and prejudicial.

"MR. JACKE: I will join in this, your Honor. These circumstances, unless it is connected to a separate crime charged, which would be relevant. As far as these proceedings are concerned, it would be immaterial. If he went there on a warrant; if he didn't have one; if he had a warrant pursuant to the crime alleged against the defendant, that would be sufficient to get him in there. But, getting all the extraneous circumstantial matters in, what he heard from the station, what somebody told him, probably would be highly prejudicial to the Court's mind.

"THE COURT: There will be no issue of probable cause?

"MR. GESSLER: No issue of probable cause as to the defendant Trevino, your Honor."

shot used to provide an earlier out-of-court identification to counter a defense claim of recent fabrication; nothing in the case even suggests that the prosecution was required to offer such evidence as part of its case, either in chief or in rebuttal.[5]

As a secondary argument, counsel urges that the court should have indicated that the testimony as to the earlier identification was admitted and would be considered by him, solely for its possible corroborative effect on the identification testimony by Miles from the witness stand. *People* v. *Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1], and *People* v. *Gould* (1960) 54 Cal.2d 621 [7 Cal.Rptr. 273, 354 P.2d 865], cited for that proposition, do not support it. In any event, the trial court was well aware of the defense contentions on the identification issue; we see no reason for it affirmatively to announce its total process of reasoning.

IV

■ Finally, defendant argues that the evidence was insufficient to sustain the finding of guilt. But Miles' identification of defendant, and his description of the crime, was clear and positive. It was for the trial court, and not for us, to determine the credibility of that testimony.

V

No other errors are urged on us and our own examination of the record discloses nothing justifying a reversal.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[5]Counsel has also referred us to *People* v. *McFerran* (1962) 211 Cal. App.2d 4, 9 [26 Cal.Rptr. 914]. But that case holds only that it was not error to let the jury compare the ''mug'' shot shown at the out-of-court identification with defendant's appearance in court; we do not understand it to impose *on the prosecution* an affirmative duty of introducing the photograph for that purpose.