[Crim. No. 3303.   First Dist., Div. Two.   Nov. 20, 1957.]

THE PEOPLE, Respondent, v. JAMES WILLIAMS, Appellant.

James Williams, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse and Victor Griffith, Deputy Attorneys General, Thomas C. Lynch, District Attorney (San Francisco), and Philip J. Hanley, Assistant District Attorney, for Respondent.

KAUFMAN, P. J.—Appellant James Williams was found guilty by a jury of robbery in the second degree. He appeals from the judgment of conviction and from the order denying his motion for a new trial, contending that the evidence is insufficient to support the verdict, that the trial court erred in refusing his requested instruction on the failure to produce stronger evidence; that the trial court erred in refusing on its own motion to instruct the jury on circumstantial evidence; that the trial court improperly arraigned him for judgment in violation of Penal Code, section 1200; and that the trial court did not fully consider his motion for a new trial.

The facts as revealed by the record are as follows: The prosecutrix, Mrs. Leige, testified that about 9 p.m. on March 31, 1956, she was walking alone on Turk Street, carrying a rather large purse containing a hair net, about $9.00 in cash, and a wallet containing pictures of her daughter and granddaughter as well as various identification cards. As she walked along, she saw the appellant coming toward her. When the appellant reached her, he threw his hand around her neck and said, as he pushed her into an alley between Turk and Divisadero Street, "It is a stickup, and goddamn it, you

better not holler or else I will cut your throat.'' She did not see a knife in the appellant's hand but could feel the blade at her neck. She screamed and appellant slashed at her, snatched her purse and ran out of the alley. She then ran behind him screaming, ''Call the law.'' Her screams caught the attention of two men in a nearby church, who came out and ran after the appellant. During the chase they lost sight of the appellant but then saw him again near the scene of the crime. When Mrs. Leige saw the appellant she told the two men, ''That is the man right there.'' As she said this, appellant ran, but was captured and turned over to the police officer who had arrived. In the appellant's pocket were found a hair net, a wallet containing the cards and pictures belonging to Mrs. Leige and a pocket knife. In searching the area, the police could not find Mrs. Leige's purse or the $9.00. When the appellant was asked where he had obtained the items found in his pocket, he at first made no reply but later answered that he had found them on Eddy Street. Mrs. Leige, in the presence of the police and the appellant, accused the appellant of taking her purse by threatening her life with a knife. Appellant answered, ''I ain't got no knife.''

All of the above facts were revealed by the testimony of the prosecutrix and the two police officers who made the arrest. Appellant offered no evidence on his behalf. Appellant first contends that the evidence is insufficient to support the judgment as the specific intent element of the crime of robbery was not proved, and Mrs. Leige's testimony that she had left her granddaughter with a friend and walked to the grocery to buy a soft drink was inherently improbable. █  '' . . . 'We must assume in favor of the verdict the existence of every fact which the jury could reasonably have deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' '' (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) █ It is for the jury to determine the credibility of the witnesses and the reasonable inferences that should be drawn from their testimony. (*Dillard* v. *McKnight,* 34 Cal.2d 209 [209 P.2d 387, 11 A.L.R.2d 835].) █ The normal implication of the words ''This is a stick-up'' is an intent to rob. (*People* v. *Chessman,* 38 Cal.2d 166 at 187 [238 P.2d 1001].) The jury could have drawn such an inference from Mrs. Leige's testimony and found nothing unusual about her activities on the evening in question. There is therefore no merit in the appellant's first contention.

■ Appellant next contends that the trial court erred in not giving the following requested instruction: "If and when you should find that it was within the power of a party to produce stronger and more satisfactory evidence than that which was offered on a material point, you should view with distrust any weaker and less satisfactory evidence actually offered by him on that point," charging that the prosecution deliberately concealed as witnesses the two men who captured the appellant and turned him over to the police. The court refused the above instruction and gave instead the following: "Neither the prosecution nor the defense is required to call as witnesses all persons who are shown to have been present at any of the events involved in the evidence, or who may appear to have some knowledge of the matters in question in this trial; nor is the prosecution or defense required to produce as exhibits all objects or documents that have been referred to in the testimony, or the existence of which may have been suggested by the evidence." As recently pointed out in *People* v. *Chapin*, 145 Cal.App.2d 740 at 750 [303 P.2d 365], the instruction requested by the appellant should not be given unless the evidence indicates a willful suppression of evidence. We do not think that the circumstances of this case warranted the instruction. It is stretching the credibility of this court to ask it to believe, as appellant does in his brief, that actually he was taken for $90 by Mrs. Leige and the two men, by the "Pocket Book Pigeon Drop Bunco Game" and for this reason was in possession of the articles in Mrs. Leige's pocketbook. Nor was there, as appellant alleges, prejudicial error in the court's giving of the portion of the instruction above quoted. In an earlier portion of the same instruction, the trial court adequately covered the matter requested.

■ Appellant further contends that the trial court erred in refusing on its own motion to instruct the jury on circumstantial evidence as follows: "If the circumstantial evidence relied upon in a case is such that it may reasonably lead to two opposite conclusions, one pointing to the guilt of the defendant, and the other to his innocence, then it is not sufficient to convict upon, for in such event, the jury must adopt the hypothesis of innocence, and find the defendant not guilty;

"If proof of a significant element of a charge depends upon circumstantial evidence, then to justify a conviction thereon the facts and circumstances must not only be entirely con-

sistent with the theory of guilt but must be inconsistent with any other rational conclusion." Appellant relies on *People v. Yrigoyen*, 45 Cal.2d 46 [286 P.2d 1], which held that the instruction is applicable only in cases where circumstantial evidence is relied upon for proof of guilt and is not merely incidental or corroborative. We think the instant case falls within the latter category. As pointed out in *People v. Borbon*, 146 Cal.App.2d 315, at 321 and 322 [303 P.2d 560] : "As to appellant, the People did not rely solely or even substantially on circumstantial evidence to convict him. He was identified directly by the victim as the person who actually perpetrated the crime, and the court is not required to instruct, as indicated, where the circumstantial evidence produced is only incident to or corroborative of direct evidence connecting the defendant with the crime charged. (*People v. Harmon*, 89 Cal.App.2d 55, 59 [200 P.2d 32] ; *People v. Monge*, 109 Cal. App.2d 141, 144 [240 P.2d 432] ; *People v. Jerman*, 29 Cal.2d 189, 197 [173 P.2d 805] ; *People v. Hatchett*, 63 Cal.App.2d 144, 155 [146 P.2d 469].) " In *People v. Thompson*, 147 Cal. App.2d 543 [305 P.2d 274], the court in rejecting defendant's claim of error in refusing an instruction substantially identical to the one here involved stated at 547 and 548 : "The instruction . . . is proper only when the prosecution relies either wholly or substantially upon circumstantial evidence. (Citing cases.) " *People v. Mueller*, 147 Cal.App.2d 233 [305 P.2d 178] is to the same effect. Nor can it be said that the failure to give the instruction was prejudicial to the appellant here. (*People v. Shannon*, 147 Cal.App.2d 300 [305 P.2d 101].) There is therefore no merit in appellant's third contention.

■ Appellant's next contention is that the trial court improperly arraigned him for judgment in violation of Penal Code, section 1200, which states: "When the defendant *appears* for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." (Emphasis supplied.) The record shows that the appellant was arraigned for judgment on July 19. In *People v. Sauer*, 67 Cal.App.2d 664 at 669 [155 P.2d 55] the court in interpreting the above provision said : "There is nothing in section 1200 which requires that the defendant be informed of the nature of his charge and of his plea immediately before

the sentence is actually pronounced, and no possible prejudice could result from the fact that this was done here a few minutes before the judgment was pronounced and during the same proceeding and in connection with the very matter for which the appellant had come into court with his attorney.'' Furthermore, this matter does not appear to have been raised at the time the judgment was rendered and was therefore waived.

The final contention of the appellant, that the trial court did not fully consider his motion for a new trial is not supported by the record. The granting of a motion for a new trial is a matter within the sound discretion of the trial court and cannot be disturbed except for a clear abuse of discretion. (*People* v. *McGarry*, 42 Cal.2d 429 [267 P.2d 254].) We find no abuse of discretion in the instant case.

No prejudicial error appearing in the record before us the judgment and order denying the motion for new trial must be affirmed.

Judgment and order denying motion for new trial affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 15, 1958.