[Crim. No. 12737.   Second Dist., Div. One.   Apr. 2, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. HENRY
WOODS, JR., Defendant and Appellant.

Robert A. Broder, under appointment by the Court of
Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Suzanne E. Graber, Deputy
Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of convic-
tion of armed robbery.

In an information filed in Los Angeles on July 29, 1965, defendant was charged in count 1 with participating with James Arthur and Richard Brown in robbing Van Alexander of $85 on or about June 23, 1965, in count 2 with participating with James Arthur and Richard Brown in robbing Emanuel Stahl of certain clothing of the value of $90. It was further charged in each count that at the time of the commission of the offense said defendants were armed with deadly weapons, namely, a sawed-off rifle and an automatic pistol. Each of the codefendants pleaded not guilty. At the first trial, the judge ruled, out of the presence of the jury, that certain statements of defendants appeared to be voluntary and that defendants had been properly advised of their constitutional rights under the *Dorado* rule. The jury was deadlocked and a mistrial was declared. The motion of Woods on January 10, 1966, to sever his trial from that of his codefendants was granted. At the second trial Woods waived a jury trial and was found guilty of first degree armed robbery as charged in each count. He was sentenced to the state prison on each count, the terms to run concurrently. A timely notice of appeal was filed.

A résumé of some of the facts is as follows:

(*Count 1*) Joel Avant and Vanet Alexander, employees of a service station on Compton were on duty about 9 a.m. June 23, 1965, when Avant noticed two Negro men walking from the station restroom. Avant identified defendant as one of the two men. The employees at the station were changing shifts and Avant and others were handling money. Avant looked to his left and saw an automatic weapon, and Arthur, who was with defendant, said, "this is it, fellows." Arthur repeated the statement and directed Avant to back up and upon obeying he (Avant) noticed that defendant was pointing what appeared to be a "cut off" rifle in the direction of Avant and the other employees. Alexander also saw the sawed-off rifle as well as the automatic pistol held by Arthur. Arthur directed an attendant to put the money in a bag and there was a compliance, the attendant was then told to put the money-changer maker which he wore on his belt into the bag. Arthur told defendant to put his gun down and back up and defendant obeyed the instruction. Arthur told Avant, Alexander, and an attendant to empty their pockets and they did so. Alexander dropped about $80 of service station money to the ground and Arthur picked it up. Alexander believed that it was defendant who took the bag with the money in it. Arthur

upon leaving told Avant, "If you call the cops before I get away, remember, I know you." Avant identified the gun in court (Exhibit 1) as the weapon he saw held by defendant. Avant and Alexander gave descriptions of the robbers to the police.

(*Count 2*) Emanuel Stahl and his wife, Frieda, were the owners of a clothing store on South Willowbrook Avenue in Los Angeles on July 3, 1965. At about 9:30 a.m. of that date the Stahls saw two Negro men enter the store, one of the two men was defendant Woods. Later the men came to a counter with some clothes and asked Mrs. Stahl to total up the cost of the merchandise which they had brought to the counter. As Mrs. Stahl was complying she saw defendant point a gun (which looked like Exhibit 1) at her husband and say, "This is it." The other robber then said, "Yes, this is it." Defendant's codefendant Arthur said, "I want your money." When the Stahls were admonished to not call the police, Mrs. Stahl replied, "Well, I'm sorry. It's too late now. I already notified the police." Arthur scooped up the clothing which they had brought to the counter and ran from the store. Defendant ran across Willowbrook Avenue and the railroad tracks to El Segundo. Stahl chased defendant to an alley about a block from the store. Stahl later showed an officer defendant's route and the officer and Stahl found defendant's gun (Exhibit 1) alongside the railroad tracks on Willowbrook Avenue. The police later brought some photographs to the Stahls and the latter identified one of them as depicting defendant.

Appellant now contends that he was arrested without a warrant and without probable cause, that he was not told of his constitutional rights, that he was forced to sign a confession not knowing what he had signed because he could not read well, that at the time he signed the confession he had not had the opportunity to consult with an attorney nor had he been advised of his right to do so and that he was not adequately represented by counsel at the time of the preliminary examination because his counsel objected only once during the proceeding.

There is no merit to any of appellant's contentions. There is no connection between the evidence in the record in this court and the contentions made. Under the circumstances we cannot consider them. (*People* v. *Day*, 256 Cal.App.2d 83, 87 [63 Cal.Rptr. 677].) The record of the preliminary hearing is not before this court and it cannot be reviewed under the circumstances. (*People* v. *Bryant*, 256 Cal.App.2d 470, 472 [64 Cal.Rptr. 86].)

Furthermore, contrary to the rules appellant makes no reference to any page of the reporter's transcript with reference to any claimed errors nor does he cite any authority in support of his contentions. Under the circumstances this court is under no obligation to consider further appellant's assertions. (See *People* v. *Gidney,* 10 Cal.2d 138, 142 [73 P.2d 1186] ; *People* v. *Wilson,* 238 Cal.App.2d 447, 464 [48 Cal. Rptr. 55] ; Cal. Rules of Court, rule 15(a).)

In any event the evidence is clear that appellant armed with a sawed-off rifle engaged in the robberies heretofore set forth. There was force and fear present. (*People* v. *Welch,* 218 Cal.App.2d 422, 423 [31 Cal.Rptr. 926].) (See also *People* v. *Rostamo,* 249 Cal.App.2d 983, 987 [58 Cal.Rptr. 74] ; *People* v. *Anderson,* 236 Cal.App.2d 419, 431-432 [46 Cal.Rptr. 1] ; Pen. Code, §§ 211 and 211a.) The specific intent to steal was obvious. (*People* v. *Gomez,* 223 Cal.App.2d 572, 574 [35 Cal.Rptr. 823] ; *People* v. *Garcia,* 169 Cal.App.2d 368, 371 [337 P.2d 100].) The normal implication of the language used has been considered to be an intention to steal. (*People* v. *Williams,* 155 Cal.App.2d 328, 330 [318 P.2d 106].)

The identification of defendant was amply sufficient in each of the robberies. (See *People* v. *Smith,* 253 Cal.App.2d 299, 302 [61 Cal.Rptr. 457] ; *People* v. *Reese,* 220 Cal.App.2d 143, 145 [33 Cal.Rptr. 561] ; *People* v. *McLaine,* 204 Cal.App.2d 96, 103-104 [22 Cal.Rptr. 72].) There was complete asportation of the property stolen in each of the counts. (See *People* v. *Anderson,* 64 Cal.2d 633, 638 [51 Cal.Rptr. 238, 414 P.2d 366].)

The abstract of the judgment in the clerk's transcript would appear to be in error in that seemingly the appellant was charged, convicted and sentenced on a single count of first degree robbery. The reporter's transcript leaves no doubt that appellant was found guilty of each count and was sentenced on each count, the terms to run concurrently.

The judgment as pronounced is affirmed.

Wood, P. J., and Lillie, J., concurred.