[Crim. No. 5332. Fifth Dist. Nov. 17, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCES K. DOUGHERTY, Defendant and Appellant.

**COUNSEL**

J. M. Lopes for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**[*]—Appellant was convicted after court trial of 14 counts of theft of fiduciary funds and 9 counts of grand theft (Ins. Code, § 1733; Pen. Code, § 487, subd. 1). She was acquitted of two counts.[1] Appellant was sentenced to concurrent three-year upper base terms on nine counts and two stayed three-year upper base terms on fourteen counts. She appeals from the judgment.

Appellant's three-page opening brief, authored by her retained trial counsel, reads like an all-out, frontal assault on the rules on appeal, particularly rules 13 and 15(a). Indeed, this document is strongly reminiscent of those magazine puzzles of yesteryear where the reader was challenged to "guess what is wrong with this picture." At the risk of leaving something out, we will try.

Rule 13, California Rules of Court, provides: "Every appellant shall file an opening brief, except that an appellant may join in a brief or may adopt by reference any brief in the same or companion cases. The opening brief shall contain a statement of the case, setting forth concisely, but as fully as necessary for a proper consideration of the case, in such order as the appellant may prefer, the nature of the action or proceeding and the relief sought, a summary of the material facts, and the judgment or ruling of the superior court. The statement shall be accurate and confined to matters in the record on appeal."

Aside from filing an opening brief, appellant's counsel has violated every requirement of rule 13. Thus, the brief does not contain a "statement of the case" as such. Under the heading "statement of facts," the brief lists a less than skeletal outline of the procedural chronology. For example, the brief notes appellant's demurrer was sustained but does not identify which of the 40 counts were dismissed. It completely fails to state the sentence which was imposed. It does not clearly identify the relief sought.

The most serious defect is the absence of a summary of material facts. The trial consumed parts of 8 days and the 3-volume reporter's transcript covers

---

[*]Before Brown (G. A.), P. J., Zenovich, J., and Woolpert, J.

[1]The information charged 40 counts of grand theft and 25 counts of the alternative charge of theft of fiduciary funds. Fifteen counts were dismissed after appellant's demurrer was sustained.

some 540 pages. Appellant's counsel has condensed the facts into two sentences supported by two references to three pages of the reporter's transcript. Appellant's counsel concludes his short evidentiary insufficiency argument with the bold statement, "Considering all the testimony we cannot find any specific intent to violate Section 487(1) of the Penal Code. (RT, VOL. II, 310-426.)" An all-inclusive reference to 116 reporter's transcript pages is not within the spirit of the rules.

Rule 15(a), California Rules of Court, provides: "Each point in a brief shall appear separately under an appropriate heading, with subheadings if desired. Such headings need not be technical 'assignments of errors' but should be concise headings which are generally descriptive of the subject matter covered. The statement of any matter in the record shall be supported by appropriate reference to the record. Every brief shall be prefaced by a topical index of its contents and a table of authorities, separately listing cases, statutes, court rules, constitutional provisions, and other authorities."

Appellant appears to raise five separate contentions, under one general heading, "ARGUMENT." Missing are those "concise headings which are generally descriptive of the subject matter covered." There are few supporting references to the record, perhaps because there are almost no statements of any matter in the record *to* support.

█ Appellant contends the evidence was insufficient to establish the specific intent required to violate Penal Code section 487. We will not try to paraphrase appellant's remaining contentions, which are:

"It further appears that Mrs. Moorhead and Mrs. Rost testimony would depend probably on misrepresentation, which would be a violation of Section 532 of the Penal Code rather than 487(1) of the Penal Code.

"It further appears that the alternate counts alleged under each charge of the Information would be a double conviction of 487(1) of the Penal Code, and Section 1733 of the Insurance Code.

"CONCLUSION

"Mrs. Moorhead and Mrs. Rost were guilty of laches and unreasonable delay in bringing this matter to the attention of the District Attorney, which caused an unreasonable delay in the trial of this matter.

"Appellant contends that her *Motion to Dismiss* should have been granted as to speedy trial."

In *Foreman & Clark Corp.* v. *Fallon* (1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362], the Supreme Court explained: "'It is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact.' [Citations.] Defendants' contention herein 'requires defendants to demonstrate that there is *no* substantial evidence to support the challenged findings.' (Italics added.) [Citations.] A recitation of only defendants' evidence is not the 'demonstration' contemplated under the above rule. [Citation.] Accordingly, if, as defendants here contend, 'some particular issue of fact is not sustained they are required to set forth in their brief *all* of the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived.'"

Recently, the Supreme Court returned to this theme in *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887-888 [160 Cal.Rptr. 516, 603 P.2d 881]: "*Sufficiency of evidence.* The bulk of Max's argument concerning a lack of substantial evidence to support various segments of the trial court's judgment is based upon a highly selective recitation of the record. Max cites only evidence favorable to his position, ignoring all to the contrary. Such briefing is manifestly deficient.

"'The rule is well established that a reviewing court must presume that the record contains evidence to support every finding of fact, and an appellant who contends that some particular finding is not supported is required to set forth in his brief a summary of the material evidence upon that issue. Unless this is done, the error assigned is deemed to be waived. [Citation.] It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings.' [Citations.]

"Accordingly, we summarily reject Max's arguments based upon a lack of substantial evidence. It is neither practical nor appropriate for us to comb the record on Max's behalf."

Cases such as *Foreman* and *Fink* are legion, in which losing trial counsel offers a one-sided survey of facts favoring appellant with nary a mention of evidence supporting respondent. Appellant's counsel has gone so far as to virtually omit even a one-sided factual summary. In a case with a 540-page record involving 23 counts this is inexcusable and unconscionable. Appellant's evidentiary insufficiency contention has been waived.

■ Appellant's remaining contentions are bereft of factual underpinning, record references, argument, and/or authority. As stated in *People* v. *Ham* (1970) 7 Cal.App.3d 768, 783 [86 Cal.Rptr. 906]: "Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." To the same effect are: *People* v. *Murphy* (1973) 35 Cal.App.3d 905, 924 [111 Cal.Rptr.

295]; *People* v. *Woods* (1968) 260 Cal.App.2d 728, 731 [67 Cal.Rptr. 396]; *People* v. *Wilson* (1965) 238 Cal.App.2d 447, 464 [48 Cal.Rptr. 55].

The court in *Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397, 403 [325 P.2d 475] said it: " 'It is incumbent upon appellants to state fully, with transcript references, the evidence which is claimed to be insufficient to support the findings. The reviewing court is not called upon to make an independent search of the record where this rule is ignored. [Citation.]' [Citation.] 'A claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents. Instead of a fair and sincere effort to show that the trial court was wrong, appellant's brief is a mere challenge to respondents to prove that the court was right. And it is an attempt to place upon the court the burden of discovering without assistance from appellant any weakness in the arguments of the respondents. An appellant is not permitted to evade or shift his responsibility in this manner.' "

The court in *Haynes* v. *Gwynn* (1967) 248 Cal.App.2d 149, 151 [56 Cal. Rptr. 82], said it: "If and when we are required to perform tasks which are properly those of appellants' counsel, we necessarily relegate farther into the background appeals waiting their turn to be decided. It is unfair to litigants thus affected that we do this."

But perhaps the court in *Schulz* v. *Wulfing* (1967) 251 Cal.App.2d 776, 779 [60 Cal.Rptr. 53] said it best: "We do not even attempt to appraise the loss to the taxpayers reflected by the value of the wasted time of the members of the staff of this court in attempting to review an appeal which, under court rules, is deemed unintelligible."

Under abundant authority we deem appellant's remaining contentions waived.

The judgment is affirmed.