Filed 7/22/13  Schubert v. Mann Family Partnership CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JAMES SCHUBERT,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>NATHAN AND GERTRUDE MANN FAMILY PARTNERSHIP,<br><br>        Defendant and Respondent. | A136802<br><br>(Alameda County<br>Super. Ct. No. RG11571036) |

Plaintiff James Schubert (Schubert) sued defendant Nathan and Gertrude Mann Family Partnership (the partnership) for premises liability after he tripped over a stone on property owned by the partnership, causing him to fall and drop a valuable piece of art he was carrying.  In a bench trial, the trial court granted the partnership's motion for judgment.  Schubert appeals.  We affirm.

# I

# BACKGROUND[1]

This dispute arises from an incident that occurred on April 15, 2009, in front of the Thornhill Café in Oakland, which café is located on property owned by the partnership. On that day, Schubert arranged to meet art restorer Bonnie Boskin in front of the café in order to retrieve an original Joan Miró plate that he had previously given to Boskin for

---

[1] We derive the facts concerning the incident largely from Schubert's trial brief. As will be discussed *post*, the record does not contain a reporter's transcript, and we thus do not know what evidence Schubert introduced at trial.

1

restoration. Plate in hand, Schubert left the café through a gap in the shrubbery, tripped over a prefabricated garden stone, and fell across the pathway, causing the bubble-wrapped plate to fly into the street and break into pieces.[2]

On April 14, 2011, Schubert filed, in propria persona, a complaint alleging one cause of action for negligence against the partnership. The partnership answered, and the matter proceeded through discovery.

On September 18, 2012, Keith R. Oliver of the Oliver Law Corp. substituted in as counsel for Schubert. Ten days later, a bench trial commenced before the Honorable Delbert Gee. According to the minutes, Schubert was the first to testify, and his direct examination lasted for 48 minutes, at the conclusion of which the partnership moved for what is characterized in the minutes as an oral motion for nonsuit.[3] Following the motion, Judge Gee permitted Schubert's counsel to reopen Schubert's direct examination. Moments later, the court broke for the noon recess.

After reconvening at 2:00 p.m., Judge Gee and counsel discussed the partnership's motion, following which Judge Gee ordered the parties to file briefs on the subject on October 1, 2012. Schubert then returned to the stand, where he was examined by his attorney for 23 more minutes before being excused. The case was then continued to October 1, 2012.

On October 1, 2012, both parties filed the briefing as ordered. As argued by the partnership, it owed Schubert no duty of care because his evidence established that the stone over which he tripped was "open and obvious" such that the partnership had no duty to warn him about it. Alternatively, the partnership contended that Schubert's evidence did not establish a prima facie case of negligence/premises liability because there was no evidence the partnership had any notice of a problem with the planter strip.

---

[2] Apparently, Boskin witnessed the fall, but she passed away prior to trial.

[3] The designation of the motion as one for "nonsuit," which is only available in a jury trial (Code. Civ. Proc., § 581c, subd. (a)), is of no consequence. The partnership later confirmed that it was moving for judgment pursuant to Code of Civil Procedure section 631.8.

As such, the partnership argued it was entitled to judgment pursuant to Code of Civil Procedure section 631.8.

In Schubert's brief, he contended that the partnership moved for nonsuit on the limited issue of notice, the court was required to rule on that issue only, and it had already done so—purportedly on the record—finding that the partnership knew or should have known of the condition that caused Schubert to trip. Therefore, he submitted, the court must deny the motion. Schubert further argued that the court must accept his evidence as true, his evidence proved all elements of his negligence claim, and the only remaining issue was the amount of damages.[4]

Again according to the minutes, Judge Gee received the parties' briefs in the morning and continued the matter to 1:30 p.m. Court reconvened at 1:35 p.m., and Judge Gee and counsel discussed the partnership's motion. Judge Gee then granted the motion, taking it under submission for a statement of decision and entry of judgment.

On October 4, 2012, Judge Gee entered a statement of decision, which provided in pertinent part as follows:

"With respect to the issue of whether the stepping stone was an unreasonably dangerous condition, the court's decision is that the stepping stone was not such a condition.

"This decision is based upon the following facts:

"1. Plaintiff testified on numerous occasions that the stepping stone appeared normal and did not look unusual.

"2. Plaintiff testified that the stepping stone was flat.

"3. Plaintiff testified that the stepping stone was at least 18" in diameters [*sic*].

"4. Plaintiff testified that the stepping stone was open and obvious.

"5. Plaintiff testified that even after he tripped, the stepping stone did not move.

---

[4] Schubert cited no authority for his curious proposition that Judge Gee was required to accept as true the evidence Schubert presented.

"6.  Plaintiff's Exhibits A and B, the photographs, show that the stepping stone is plainly visible and appears to be part of the depressed planting strip.

"In view of the surrounding circumstances, and based the [*sic*] facts and the testimony of Plaintiff, the risk created by the condition was insignificant in nature to such a degree that no reasonable person would conclude that the condition created a substantial risk of injury when used in a foreseeable manner with all due care.  Cal. Gov. Code § 830.2."

Judgment was entered the same day.

On October 9, 2012, Schubert filed notice of his intention to move for new trial, citing irregularity in the proceedings, an improper order of the court, abuse of discretion by the court, inadequate damages, insufficient evidence to justify the judgment, judgment against the law, and error in law occurring at trial excepted to by Schubert.

Schubert also filed a notice of appeal the same day.  In his notice designating the record on appeal, Schubert designated the clerk's transcript, as well as the reporter's transcript of the trial on September 28 and October 1, 2012.  The designation contained the following hand-written notation, "Will pay private court reporter Denise Wheeler," followed by the initials "KRO," which presumably stand for Keith R. Oliver, Schubert's counsel.

On October 25, 2012, Schubert filed an amended notice designating the record on appeal.  In the amended notice, he checked the box indicating that he was electing to proceed without a record of the oral proceedings.  By checking that box, he confirmed his understanding "that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

## II

## SCHUBERT'S OPENING BRIEF

We begin with a discussion of the utter inadequacies of Schubert's opening brief, which consists in totality of four pages.  It begins with a "Statement of the Case" that says the following:  "In a bench trial, judgment is entered in favor of respondent after the

4

trial court grants respondent's motion for nonsuit. [Citation.] Respondent makes the nonsuit motion after appellant concludes 48 minutes of testimony on direct examination. [Citation.] Prior to appellant's direct examination, respondent gives an opening statement and appellant waives his. [Citation.] At the time of respondent's nonsuit motion, the totality of the evidence presented is, therefore, the testimony of appellant on direct examination. [Citation.] Two photographs are introduced in to [*sic*] evidence during appellant's direct examination. [Citation.] After respondent places the nonsuit motion on record, appellant is allowed to reopen direct examination, and appellant is examined for another 7 minutes until the noon recess. [Citation.] [¶] When the parties return for the afternoon session, the Court discusses the nonsuit motion with the parties, and orders supplemental briefs to be filed by 9:00 a.m. on the next day, regarding the issue of nonsuit. [Citation.] The trial court receives the briefs, takes the matter under submission and judgment is entered in favor of respondent on October 4, 2012. [Citation.]"

After a one-sentence "Statement of Appealability," Schubert sets forth his "Statement of Facts," which states—*in its entirety*—the following: "The trail [*sic*] court granted defendant's motion for nonsuit in this bench trial of a premises liability suit when appellant had more witnesses to call and more evidence to present. [Citations.] It also granted the nonsuit on grounds other than those presented by respondent. [Citations.]"

Turning to the "Argument" section, Schubert spends a paragraph on the standard of review, arguing that a trial court's grant of a nonsuit is reviewed de novo. He then sets forth his "Argument" in the following three paragraphs:

"**I. The Trial Court Erred By Granting Nonsuit When Appellant Was Prepared To Call More Witnesses And Present More Evidence**

"Appellant's witness list included an expert, the café owner where this premises liability accident took place, and the gardener who may know about the conditions of the property. [Citations.] In addition, at the time of the nonsuit, the Defendant was in the courtroom, and appellant had the right to call her that day. [Citation.] Accordingly,

5

appellant had not completed his presentation of evidence. The granting of the nonsuit in a bench trial was, therefore, error.

"**II. The Trial Court Erred By Allowing Respondent To Develop Its Nonsuit Motion Outside the Confines Of Trial, and Outside The Scope Of The Original Motion**

"The trial court did not rule on the oral motion for nonsuit at the time it was made, but instead ordered the matter to be briefed and then took the matter under submission. [Citations.] Thus, respondent was allowed to perfect its motion based on instructions and input by the court. [Citations.] This is a prejudicial error that warrants reversal of the trial court judgment.

"**III. The Trial Court Erred By Granting Respondent's Nonsuit Motion On Grounds Other Than Those Presented By Respondent**

"As shown in respondent's supplemental brief and the trial court's statement of decision, respondent's argument for nonsuit, and the trial court's reason for granting nonsuit are not aligned. [Citations.] As shown by the two documents, it is the trial court that found its own independent reason for granting the nonsuit. [Citations.] This is also prejudicial error that warrants reversal of the trial court."

With that, Schubert concludes that we should reverse the judgment and remand the case for trial.

In the words of the court in *People v. Doherty* (1982) 138 Cal.App.3d 278, 280, Schubert's opening brief "reads like an all-out, frontal assault on the rules on appeal." To begin with, pursuant to California Rules of Court, rule 8.204(a)(2)(C), an appellant must file an opening brief that, among other things, "[p]rovide[s] a summary of the significant facts limited to matters in the record." Schubert's "Statement of Facts" is one brief paragraph asserting that Judge Gee granted the partnership's motion despite that Schubert had more evidence to present and on grounds other than those argued by the partnership. Nowhere in the brief does Schubert set forth any facts pertaining to the underlying dispute. Nowhere does he cite to any evidence introduced at trial.

6

Further, Schubert was required to support his arguments with citation to legal authority. (*Nielson v. Gibson* (2009) 178 Cal.App.4th 318, 324 [appellant must present an analysis of the facts and legal authority on each point made; failure to do so forfeits the argument].) The three arguments Schubert asserts are devoid of a single citation to authority, containing only cites to the clerk's transcript. We thus deem them forfeited.

<h1 style="text-align:center">III</h1>

<h2 style="text-align:center">THE JUDGMENT WAS PROPER</h2>

The deficiencies of Schubert's opening brief are not the only flaws in his appeal. The record in this case is devoid of a reporter's transcript. We thus have no record of Schubert's testimony during trial. We have no transcript recording the partnership's oral motion for nonsuit. We have no record of what Judge Gee said with regard to the motion. In short, there is no evidence before us from which we can analyze Schubert's assertion that Judge Gee's order granting the motion was erroneous. As Schubert was made aware when he elected to proceed without a reporter's transcript, "without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

In light of Schubert's choice to proceed without a reporter's transcript, we must treat his appeal as an appeal "on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) "On such an appeal, '[the] question of the sufficiency of the evidence to support the findings is not open.' " (*Id.* at p. 1083.) Instead, we presume that all findings by the trial court are supported by substantial evidence, and we can only consider whether the judgment is supported by the findings or whether reversible error appears on the face of the record. (*Nielson v. Gibson, supra,* 178 Cal.App.4th at pp. 324-325 [where an appellant fails to provide a reporter's transcript of a trial preceding a judgment, we presume that the evidence is sufficient to sustain the trial court's findings and our review is limited to determining whether any error appears on the face of the record]; *Fitch v. Pacific. Fid. Life Ins. Co.* (1975) 54 Cal.App.3d 140, 143, fn. 1 ["This appeal is based upon only the clerk's transcript and, as such, is considered to be upon the

7

judgment roll alone.  [Citation.]  Hence the trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding upon us, unless the judgment is not supported by the findings or reversible error appears on the face of the record."]; *Ruzich v. Boro* (1943) 58 Cal.App.2d 541, 543.)

Because there is no suggestion that the judgment was unsupported by the findings, and no reversible error appears on the face of the record, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

_____
Richman, J.


We concur:


_____
Haerle, Acting P.J.


_____
Lambden, J.