Filed 3/2/16  Harvell v. Paschal CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DARLENE HARVELL<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MARCIA PASCHAL,<br><br>    Defendant and Appellant. | B258771<br><br>(Los Angeles County<br>Super. Ct. No. NQ020210) |

APPEAL from an order of the Superior Court of Los Angeles County.  Ana Maria Luna, Judge.  Affirmed.

Marcia Paschal, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Marcia Paschal (appellant) appeals from an order granting Darlene Harvell's (respondent) request for a restraining order against appellant.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2014, respondent filed a request for a domestic violence restraining order against appellant. On the same date, a temporary restraining order against appellant was granted. A hearing was held on August 26, 2014. Both appellant and respondent appeared. The trial court granted respondent's application and issued a restraining order against appellant.

On September 5, 2014, appellant filed a notice of appeal from the order.[1]

## DISCUSSION

Appellant makes no factual or legal arguments in her brief. While she has provided a brief statement of the case, her sections entitled "statement of the facts" and "grounds" are completely blank.

California Rule of Court, rule 8.204(a)(1) provides that each appellate brief must:

"(A) Begin with a table of contents and a table of authorities separately listing cases, constitutions, statutes, court rules, and other authorities cited;

"(B) State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority; and

"(C) Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."

In addition, an appellant's opening brief must provide a summary of the significant facts limited to matters in the record. (Cal. Rules of Court, rule 8.204(a)(2)(C).)

---

[1] We normally consider only matters that were part of the record when the judgment appealed from was entered. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Appellant has presented no argument as to why we should deviate from this rule in this matter, therefore we decline to consider the application to terminate restraining order filed on September 12, 2014.

Contrary to this rule, appellant has provided no table of authorities. Appellant has made no statement of facts and has presented no legal arguments. Appellant cites no legal authority. "Under the circumstances this court is under no obligation to consider further appellant's assertions. [Citations.]" (*People v. Woods* (1968) 260 Cal.App.2d 728, 731.)

"'[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited. [Citations.]' [Citation.]" (*Salehi v. Surfside III Condominium Owners Assn.* (2011) 200 Cal.App.4th 1146, 1161-1162.)

Under the circumstances, we must presume the trial court's judgment to be correct. By failing to present any reasoned argument or legal authority, appellant has waived all arguments that the trial court erred in granting the restraining order. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 ["'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations]'"].)

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT

3