Filed 7/28/16  P. v. Thomas CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEREMY DEWAYNE THOMAS,<br><br>    Defendant and Appellant. | B263424<br><br>(Los Angeles County<br>Super. Ct. No. YA091688) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Scott T. Millington, Judge.  Affirmed.

———

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi, and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted appellant Jeremy Thomas of second degree robbery (Pen. Code, § 211) and misdemeanor possession of methamphetamine (Health & Saf. Code, § 11377). The jury found true an allegation that Thomas used a dangerous and deadly weapon in the commission of the robbery (Pen. Code, § 12022, subd. (b)(1)), making the offense a serious felony within the meaning of Penal Code section 1192.7, subdivision (c)(23). The court sentenced him to three years in prison on the robbery count, plus one year for the weapon enhancement. His 135-day sentence for the methamphetamine count had been satisfied by his time served.

During rebuttal argument, the prosecutor made three statements that Thomas argues were comments on his failure to testify, thereby violating his constitutional rights under *Griffin v. California* (1965) 380 U.S. 609. Although Thomas failed to object to the prosecutor's comments on that basis, he contends that he has not forfeited his *Griffin* error claim on appeal because any objection would have been futile and the harm caused by the comments was incurable. Thomas further contends that if his counsel forfeited the *Griffin* argument by failing to object, he has been deprived of his right to the effective assistance of counsel.

We hold that the futility exception to the forfeiture rule does not apply to the facts of this case and, therefore, Thomas has not preserved the *Griffin* error claim on appeal. Nevertheless, we exercise our discretion to address the *Griffin* error claim, and hold that although two statements by the prosecutor amounted to impermissible comment on Thomas's failure to testify, any error was harmless, making it unnecessary to consider his claim of ineffective assistance of counsel. Accordingly, we affirm the judgment.

**FACTUAL AND PROCEDURAL SUMMARY**

On the night of December 10, 2014, Donald Cotterell was walking home from his girlfriend's house. Thomas approached Cotterell, pushed him into a corner, held a knife to his throat, and began rifling through his pockets. Cotterell attempted to talk Thomas out of stealing from him, but Thomas threatened Cotterell, saying, " 'Do you want to die over this?' " Thomas took Cotterell's wallet and a couple of loose dollars.~(RT 349)~

2

Thomas then crossed the street and entered an abandoned building. Cotterell followed him to retrieve his belongings. Thomas took a $50 bill out of Cotterell's wallet, then returned the wallet to him. Cotterell attempted to retrieve his money, but Thomas told Cotterell to leave. Cotterell then called the police and began following Thomas, intent on getting his money back.

Detectives responding to the call found Thomas riding a bicycle and Cotterell following him about 15 feet behind, waving his arms. The detectives stopped Thomas and found a five- to six-inch knife and a $50 bill in his possession, as well as methamphetamine in his sock.

At trial, Thomas exercised his right to not testify. During closing arguments, defense counsel emphasized the prosecution's burden of proving a crime beyond a reasonable doubt and attempted to instill such doubt by citing some of the peculiarities of the incident and the lack of any independent corroboration of Cotterell's testimony.

During rebuttal argument, the prosecutor made three statements that are the focus of this appeal. First, the prosecutor argued: "Ladies and gentlemen, what I heard a lot in that closing argument was you don't know what happened. I think it's clear you know what happened. If there's a question about what happened, I'll tell you what you also can't do, speculate. You can't guess what might have happened. When the judge read you the definition of reasonable doubt, he specifically told you that everything in life is open to some possible or imaginary doubt. You can imagine what might have happened, but you have zero evidence that anything happened besides what you heard in this courtroom. You have no evidence that anything else happened besides the defendant robbing Mr. Cotterell with a knife. That's a fact. If you have any question—" At that point, defense counsel objected on the grounds of vouching, which the court overruled.

Second, the prosecutor argued: "What I also missed in that closing argument by the defense was their theory of the case. You heard over and over something happened, but you just don't know what. Now, it's my burden to prove this case beyond a reasonable doubt, and they have no responsibility to call witnesses at all. They didn't in this case."

The court called counsel to sidebar and told the prosecutor that "the only logical witness [the defense] can call is the defendant. . . . So I think by saying they didn't call anybody, that's impliedly saying the defendant." The court cautioned that the prosecutor would "be skating on thin ice," if he referred to a failure to call logical witnesses and wanted "to nip it in the bud before it's too late."

The prosecutor continued with rebuttal argument and made the third statement: "So what I didn't hear was what the theory of the case was. They kept saying over and over you don't know what happened, you don't know what happened. Again, we do know what happened because we heard from Mr. Cotterell. What I didn't hear was Mr. Cotterell is wrong because this is what really happened. We heard none of that." Defense counsel did not object.

## DISCUSSION

Thomas contends that the prosecutor's statements during rebuttal argument constitute improper comments on his refusal to testify in violation of the Fifth Amendment under *Griffin* and its progeny. The Attorney General contends that defendant failed to preserve this argument for appeal because he failed to object on that ground and request a jury admonition, and there is nothing in the record to indicate such an objection would have been futile or that an admonition would have failed to cure any harm. We agree with the Attorney General.

In order to preserve a claim of *Griffin* error on appeal, a defendant must have made a timely objection on that ground and requested a jury admonition to cure any erroneous statement by the prosecutor. (*People v. Jones* (2003) 29 Cal.4th 1229, 1262.) There are two exceptions to this requirement. If an objection would have been futile or an admonition would have been unable to cure the harm, the failure to object is not fatal to raising the claim on appeal. (*People v. Hill* (1998) 17 Cal.4th 800, 820 (*Hill*).) The pervasiveness of the prosecutor's misconduct and failure of the trial court to rein in such misconduct will support a conclusion that an objection would have been futile or that an admonition would have been unable to cure the harm. (See *id.* at p. 821; *People v. Dykes* (2009) 46 Cal.4th 731, 775 & fn. 8 (*Dykes*).)

4

Here, Thomas did not object on *Griffin* error grounds to any of the three statements in the prosecutor's rebuttal argument at issue here.[1]  On appeal, he argues that objecting to the second statement would have been futile because the trial court expressly stated that what the prosecutor said only came close to *Griffin* error; and objecting to the third statement would have been futile because it was substantively the same as the second statement, which the court had moments before failed to recognize as *Griffin* error.  Thomas further argues that, in any case, it was futile to object to any of the statements during the prosecutor's rebuttal because by the time the theme became apparent, the harm was incurable.  We disagree.

In *Hill*, our Supreme Court excused the defendant from objecting to every instance of prosecutorial misconduct where the prosecutor subjected the defendant to a "constant barrage" of misconduct, including demeaning comments, misstated evidence, and blatant falsehoods.  (*Hill*, *supra*, 17 Cal.4th at p. 821.)  The trial court not only failed to temper the prosecutor but also accused defense counsel of being an obstructionist by subjecting the court to meritless objections.  (*Ibid.*)  In those circumstances, the Supreme Court excused defendant's obligation to object because objecting would have been futile and counterproductive.  (*Ibid.*)  *Hill*, however, represents an "extreme case" (*People v. Riel* (2000) 22 Cal.4th 1153, 1212), and courts have continued to require a defendant to object where there was neither a constant barrage of misconduct by the prosecutor nor hostility by the trial court.  (See *Dykes*, *supra*, 46 Cal.4th at p. 775; *People v. Ledesma* (2006) 39 Cal.4th 641, 728 [objecting would not have been futile where the record indicates that the trial judge ruled on defendant's objections with "admirable patience and equanimity"].)

---

[1] Defense counsel objected to the first statement on the grounds of "vouching," which was overruled.  In a heading in defendant's opening brief, he asserts that "the prosecutor committed *Griffin* error by improperly vouching for the credibility of the victim . . . ."  (Capitalization & fn. omitted.)  Because the "vouching" argument was not developed in the body of his brief or supported by citation to authority, we do not address it.  (See *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282 [point raised without argument or citation to authority " 'is deemed to be without foundation and requires no discussion' "].)

Objecting would not have been futile in this case. The record reveals that the trial court was patient and fair in responding to objections from both sides and took steps to rein in possible misconduct. In regards to the prosecutor's second statement, even though the trial court preemptively indicated that the prosecutor was close to committing, but did not yet commit, a *Griffin* error, the sidebar presented a meaningful opportunity for Thomas to assert his objection and request a jury admonition. Regarding the third statement, the trial court's warning to the prosecutor against committing a *Griffin* error indicated that the court would have been sympathetic to a meritorious objection by Thomas on *Griffin* error grounds.

In addition, the prosecutor's misconduct, if any, was not pervasive. There was no constant barrage, as in *Hill*. The primary theme of the prosecutor's rebuttal argument was the lack of evidence to support defendant's theory of the case. The theme was not, as Thomas asserts, his failure to testify. In any case, any indirect references to Thomas's failure to testify did not so permeate the prosecutor's argument as to make an objection futile. Moreover, any harm caused by the prosecutor's statements was curable with an immediate and unequivocal admonition by the trial court to ignore the prosecutor's offending comments. (See, e.g., *People v. Brasure* (2008) 42 Cal.4th 1037, 1061.) An objection, we conclude, would not have been futile, and Thomas has therefore failed to preserve his *Griffin* error claim on appeal.

Appellate courts retain discretion to review claims affecting the substantial rights of defendants despite the failure to object at trial. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 fn. 7.) This court has exercised such discretion to review claims of *Griffin* error. (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1019-1020.) We do the same here.

Thomas argues that the challenged statements are impermissible indirect comments on his failure to testify because, in each instance, the prosecutor pointed to a lack of evidence contradicting Cotterell's testimony, when Thomas was the only person who could have supplied such evidence. The Attorney General contends that the first statement should be interpreted as a reminder to the jury only to focus on the evidence presented to them and not to speculate. The Attorney General further contends that the

6

second and third statements cannot be fairly construed as referring to Thomas's failure to testify because Thomas could have introduced additional evidence or called third-party witnesses to corroborate the theory that this was a dispute and not a robbery, and the prosecutor was merely commenting on Thomas's failure to do so. We agree with the Attorney General as to first statement and disagree as to the second and third statements.

*Griffin* forbids both direct and indirect comment on a defendant's failure to testify. (*People v. Hovey* (1988) 44 Cal.3d 543, 572.) A *Griffin* error is committed where there is a reasonable likelihood that a jury could construe any of a prosecutor's comments within its context to refer to a defendant's failure to testify. (*People v. Clair* (1992) 2 Cal.4th 629, 662.) A prosecutor is generally allowed to comment on the state of the evidence, or the failure of the defendant to introduce material evidence available to him or to call anticipated witnesses, without committing a *Griffin* error. (*People v. Bradford* (1997) 15 Cal.4th 1229, 1339 (*Bradford*).) But if a prosecutor describes evidence as uncontradicted and the defendant is the only person who could contradict or deny that evidence, the prosecutor has committed an indirect *Griffin* error. (*People v. Johnson* (1992) 3 Cal.4th 1183, 1229 (*Johnson*).)

Both Thomas and the Attorney General rely on the same three cases that examined potential *Griffin* error in a prosecutor's closing arguments and found none: *Bradford*, *supra*, 15 Cal.4th 1229; *Johnson*, *supra*, 3 Cal.4th 1183; and *People v. Thomas* (2012) 54 Cal.4th 908 (*Thomas*). In *Bradford,* the prosecutor did not commit *Griffin* error during closing arguments because he referred only to the lack of physical evidence or testimony, which defendant could have presented. (*Bradford*, *supra*, 15 Cal.4th at pp. 1339-1340.) Similarly, in *Thomas*, the prosecutor did not commit *Griffin* error because he explicitly framed his comments in terms of the defense's failure to call a third-party witness who could have provided an alibi for the defendant. (*Thomas*, *supra*, 54 Cal.4th at p. 945.) Finally, in *Johnson*, the prosecutor did not commit *Griffin* error in closing arguments when referring to evidence as " 'uncontradicted' " because the reference was a response to defense counsel's contention that the defendant was not at the scene of the crime

7

despite providing no evidence to the contrary, such as an alibi witness. (*Johnson*, *supra*, 3 Cal.4th at pp. 1228-1229.)

Like the prosecutor's comment on the lack of evidence in *Bradford*, the prosecutor's first statement in this case—"you have zero evidence that anything happened besides what you heard in this courtroom. You have no evidence that anything else happened besides the defendant robbing Mr. Cotterell with a knife"—is a permissible comment on the state of the evidence as a whole, and not a comment on Thomas's failure to testify. When viewed in its context as a response to defense counsel's argument, the prosecutor was telling the jury to focus on the evidence presented and not speculate on what might have happened. There is no reasonable likelihood a jury would construe the prosecutor's comment as a reference to Thomas's failure to testify.

We agree with Thomas that the prosecutor's second statement—"[defense] ha[s] no responsibility to call witnesses at all. They didn't in this case"—is an impermissible indirect comment on his failure to testify. Like the first statement, this statement was a response to the defense counsel's argument that only the two people involved in the incident know what actually happened. The prosecutor's assertion that the defense did not call witnesses, however, draws attention to Thomas's failure to testify because he is the only uncalled witness who, based on the record, could have known what happened. There is, therefore, a reasonable likelihood that jurors would construe the second statement as a reference to Thomas's failure to testify. Unlike *Johnson* and *Thomas,* where the prosecutors' comments highlighted the absence of a known third-party alibi witness, here Thomas did not present an alibi defense nor did any evidence reveal that others witnessed the incident. Therefore, there is a reasonable likelihood jurors would understand the second statement to be a reference to Thomas's failure to testify, rather than as a failure to provide other witnesses.

The third statement—"we do know what happened because we heard from Mr. Cotterell. What I didn't hear was Mr. Cotterell is wrong because this is what really happened"—is also an impermissible indirect comment on Thomas's failure to testify. The evidence did not reveal that anyone other than Thomas and Cottrell witnessed

8

the incident.  The only person in a position to contradict Cotterell as to "what really happened" was Thomas.  It is thus reasonably likely that a jury would understand the third statement to be a reference to Thomas's failure to testify.

Although the second and third statements constituted *Griffin* errors, the errors were not prejudicial.  Under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 22, *Griffin* error does not require reversal if it is proven harmless beyond a reasonable doubt.  (*United States v. Hasting* (1983) 461 U.S. 499, 508-509.)  Indirect, brief, and mild references to a defendant's failure to testify that do not suggest that the jury draw an inference of guilt therefrom, are uniformly held to constitute harmless error.  (*People v. Hovey, supra*, 44 Cal.3d at p. 572.)  The second and third statements were indirect, brief, and mild.  Moreover, the prosecutor never suggested that Thomas's failure to testify should be taken as a sign of his guilt.  Accordingly, the *Griffin* errors were harmless beyond a reasonable doubt.[2]

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.                              LUI, J.

---

[2] Because the error was harmless under this standard, Thomas's argument that his counsel's failure to object constituted ineffective assistance also fails.  Even if counsel's failure to object fell below the objective standard of reasonableness required to establish constitutionally deficient representation, there is not a reasonable probability that the result of the proceeding would have been different if he had objected.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 218.)

9