Filed 7/6/21  In re J.W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.W. et al., Persons Coming Under the Juvenile Court Law. | C091219 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.W.,<br><br>Defendant and Appellant. | (Super. Ct. Nos. JD238390, JD238391, JD238392, JD239134) |

Appellant M.W., the paternal grandfather of the subject minors, filed a notice of appeal from the juvenile court's November 4, 2019 and November 8, 2019 orders.  On November 4, 2019, the juvenile court held a contested relative placement hearing and found placement with appellant or the paternal great-uncle was not appropriate or in the minors' best interests.  Also on November 4, 2019, the juvenile court held a contested Welfare and Institutions Code section 366.26 hearing [statutory section references that follow are to this Code], terminated parental rights and freed the minors for adoption. The juvenile court signed the written orders terminating parental rights on November 8, 2019.

1

Appellant appears to take issue with the evidence and basis for termination of father's parental rights and with the failure to place the minors with the paternal great-uncle. He also makes passing reference to his own "right to gain kinship" of his grandchildren. For the reasons that follow, we dismiss the appeal.

DISCUSSION

I

*Standard of Review*

A judgment or order of the lower court is presumed correct and it is "appellant's burden to demonstrate the existence of reversible error." (*Denham v. Superior Court of Los Angeles* (1970) 2 Cal.3d 557, 564; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) As the reviewing court, we will not perform an independent, unassisted review of the record in search of error or grounds to support the judgment. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

"To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citation.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) With respect to the citations to the record, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C) [undesignated rule references are to the California Rules of Court].) Points raised but not in compliance with these requirements results are deemed without merit and forfeited on appeal. (*In re S.C.*, at p. 408; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) The foregoing rules apply to all litigants, including those who represent themselves on appeal. (*McComber v. Wells, supra*, 72 Cal.App.4th at p. 523.) Nonetheless, appellant's brief fails to adhere to these rules.

As we shall explain, none of appellant's claims are cognizable in this appeal.

2

## II

### *Judicial Bias*

Appellant appears to contend that judicial bias caused father frustration and hurt at the jurisdiction hearing and throughout the proceedings, and that father's parental rights were terminated without substantial evidence or cause. He further contends the social worker conducted an illegal search of father's property and falsified some or all of the evidence used to "harm" father in court. He requests that the order terminating father's reunification services, entered April 22, 2019, be reversed and father's custody of the minors be reinstated.

Appellant cannot challenge the April 22, 2019, order in this appeal. Although appellant identifies the April 22, 2019, order as the order he requests be reversed and as the one that terminated father's parental rights, that order actually *set* the section 366.26 hearing. As such, it is not an appealable order. (§ 366.26, subd. (l).) Nor is appellant's notice of appeal, filed January 6, 2020, timely as to that order. (Rule 8.406.)

Moreover, setting aside the untimeliness and nonappealability of any challenge to the April 22, 2019 order, and assuming appellant instead seeks reversal of the section 366.26 order terminating parental rights, which was entered on November 4, 2019, on the aforementioned bases, appellant, who is not the parent of the minors, lacks standing to raise these claims. (*In re Harmony B.* (2005) 125 Cal.App.4th 831, 838 [grandparent lacks standing to contest termination of parental rights]; *B.C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947-948 ["courts will not consider issues tendered by a person whose rights and interests are not affected"].)

Most significantly, however, appellant's notice of appeal was untimely. Although the juvenile court did not sign the orders terminating parental rights until November 8, 2019, they were pronounced in open court on November 4, 2019. Appellant's notice of

3

appeal was filed on January 6, 2020 – 63 days after the court's pronouncement in open court.

The general rule in civil cases is that the time for filing an appeal is the earlier of 60 days after the clerk mails notice of entry of the judgment, 60 days after an opposing party serves notice of entry of judgment, or 180 days after judgment is entered. (Rule 8.104.) In dependency matters, however, the rule is contained in rule 8.406(a)(1), which states: "Except as provided in (2) and (3) [which are not applicable here], a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed." (Rule 8.406(a)(1).) Under this rule, if an appealable judgment or order is pronounced in open court, the time for taking an appeal from it begins to run when the judgment or order is pronounced. (*In re Markaus V.* (1989) 211 Cal.App.3d 1331, 1337.)

Appellant's notice of appeal was filed more than 60 days from the date the order terminating parental rights was pronounced in opened court. Late filing of a notice of appeal is an absolute bar to appellate court jurisdiction. The timely filing of a notice of appeal is an absolute prerequisite to the appellate court's jurisdiction to consider issues on appeal. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864.)

III

*Placement with the Paternal Great-Uncle*

Appellant also complains that the minors were not placed with the paternal great-uncle at some time during these proceedings and also makes passing reference to his own right of kinship. Appellant lacks standing to raise the failure to place the minors with the paternal great-uncle. (See *In re A.K.* (2017) 12 Cal.App.5th 492, 499.) Assuming appellant intends to take issue with the juvenile court's order after the contested relative placement hearing which denied him placement of the minors, the contention is made only in passing and without factual or legal analysis, and without citation to the record.

4

Accordingly, we decline to consider it. (*People v. Woods* (1968) 260 Cal.App.2d 728, 731; *People v. Dougherty* (1982) 138 Cal.App.3d 278, 282-283.) Moreover, his appeal is, again, untimely in this regard. Like the order terminating parental rights, this order was made in open court on November 4, 2019. No separate written orders were entered. His notice of appeal, filed 63 days thereafter, is untimely.

As for any additional claims which we failed to identify from appellant's brief, which refer to matters that are not part of the record on appeal or are not supported by citations to the record, or which are made in passing and without factual or legal analysis, we are not required to consider them. (*Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647; *People v. Woods, supra*, 260 Cal.App.2d at p. 731; *People v. Dougherty, supra*, 138 Cal.App.3d at pp. 282-283; rule 8.204(a)(1)(B) & (C).) In any event, the record on appeal does not contain an order about which appellant can complain and for which appellant's notice of appeal would be timely filed.

### DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P. J.

We concur:

_____
MAURO, J.

_____
HOCH, J.

5