Filed 12/4/14  P. v. Tinson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>THEO TINSON, JR.,<br><br>Defendant and Appellant.</td><td>E059333<br><br>(Super.Ct.No. RIF1200690)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge. Affirmed.

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Theo Tinson, Jr., guilty of all counts charged. These included one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] six counts of battery by gassing (§ 243.9), six counts of resisting an executive officer in the performance of his or her duties (§ 69), and 10 counts of battery against a custodial officer (§ 243.1). In a bifurcated proceeding, the trial court found true that defendant had served a prior prison term for a felony within the meaning of section 667.5, subdivision (b). Defendant was sentenced to a total term of 20 years eight months, comprised of the middle term on the assault charge, one-third the middle term on each remaining count, and a one-year prison enhancement.

On appeal, defendant contends that, at least as to certain counts alleging that he both battered and resisted the same officer, his sentence violates section 654's prohibition on multiple punishment for crimes committed with a single objective. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2012, defendant, who had just been evicted from a homeless shelter for fighting, threatened a resident of the shelter with a large wooden stick. Police took defendant into custody. The People charged him with assault, which constituted the first of 23 counts eventually alleged against him.

Defendant's actions once he was detained form the basis of the 22 other counts charged against him. As relevant to this appeal, these incidents include the following:

---

[1] Further statutory references are to the Penal Code, unless otherwise specified.

On July 12, 2012, two deputies, Eaton and Ray, and a sergeant, Davis, visited defendant's cell to escort him to the showers. Defendant allowed himself to be handcuffed through the "pill slot" in his cell door, but then lowered his head and charged at and kicked Eaton when his cell door was opened. The deputies and Davis placed defendant against the wall to control him. He continued to kick and elbow them, causing them to take him to the ground. Eaton attempted to control defendant's upper body, while Ray tried to pin down his legs. Davis repeatedly demanded that defendant submit, but he refused. Defendant made efforts to squirm away, in the course of which he struck Ray in the leg three times. Seizing a momentary pause in defendant's attempts to evade their grasp, the deputies eventually dragged defendant back into his cell. Based on these facts, the People charged defendant with battery on Ray and Eaton in violation of section 243.1 (counts 11 & 12) and preventing an executive officer from performing his duties in violation of section 69 (count 10).

Similarly, on September 4, 2012, defendant rushed at Deputy Nehrir, who was attempting to remove defendant's ankle and waist chains so he could return to his cell. The force with which defendant made contact caused a key to puncture Nehrir's hand. Nehrir and another deputy took defendant to the ground. Defendant refused to comply with orders to stop resisting and instead tried to force the deputies off him. He continued attempting to stand up even after Nehrir struck him several times with his knees. It took between six to eight deputies to subdue defendant and place him in a safety chair. The People consequently charged defendant with battery against a custodial officer and

3

resisting an executive officer, again in violation of sections 243.1 and 69 (counts 17 & 18).

Finally, on October 16, 2012, defendant punched Deputy Ferrari in the face after Ferrari removed one of defendant's handcuffs so he could eat lunch. Two other deputies wrestled defendant to the ground, where he continued squirming and trying to get away from them. After Ferrari rejoined the fray, defendant placed his hand on a wall and locked his elbow so Ferrari was unable to move his arm. Only after Ferrari struck him four to five times in the ribs and six to seven times in the head did defendant yield. When he finally did so, he said, "Okay, you got me." These occurrences caused the People to charge defendant with battery upon and resisting a custodial officer (counts 20 & 21).

## ANALYSIS

Here, defendant contends section 654 prohibits separate punishment for his battering and resisting the same deputies. More specifically, he argues that the evidence shows his single intent was to physically assault the deputies and there is no substantial evidence he had the intent to evade the officers needed to support separate punishment on the resisting counts.

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Whether a course of conduct is divisible and thus gives rise to more than one act under section 654 depends on the

4

defendant's intent and objective.  (*Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on another ground in *People v. Correa* (2012) 54 Cal.4th 331, 334.)  If all of a defendant's offenses were incident to one objective, he or she may be punished for any one of the offenses, but not more than one.  (*Ibid.*)  However, if a defendant has multiple criminal objectives that are independent of and not merely incidental to each other, he or she may be separately punished for each of the violations committed in pursuit of each objective even though they were part of what appears to be an indivisible course of conduct.  (*People v. Perez* (1979) 23 Cal.3d 545, 551 (*Perez*).)

Whether section 654 applies is generally a question of fact.  (*Perez*, *supra*, 23 Cal.3d at p. 552, fn. 5.)  A trial court's finding (even if implied) that a defendant harbored a separate intent and objective for each offense will be upheld on appeal if supported by substantial evidence.  (*People v. Osband* (1996) 13 Cal.4th 622, 730-731.)

Defendant has the burden of "demonstrat[ing] that there is no substantial evidence to support the challenged findings."  (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 282, quoting *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)  He cannot meet that burden in this case because substantial evidence supports the conclusion that defendant had independent motivations with respect to all charges stemming from each of the incidents at issue on appeal.

On July 12, 2012, defendant willfully struck Deputy Eaton but then, once on the ground, switched to squirming away from the people attempting to control him.  During the September 4, 2012 incident, defendant continually tried to stand and throw officers

off of him after they tackled him because he had made forceful contact with Deputy Nehrir. Finally, in the October 16, 2012 attack on Deputy Ferrari, a good portion of the time spent trying to control defendant was because he managed to lock his elbow with his hand placed firmly on the wall, which is an act unrelated to an attempt to strike officers. At the end of the incident defendant said, "Okay, you got me," which indicates he recognized that his initiating contact with a deputy was different in kind from his refusing to obey their commands after contact occurred. Moreover, in closing arguments the People consistently described the three incidents at issue in two stages: (1) defendant's initial contact with a deputy; and (2) "the fight on the ground," in which he resisted and refused to obey commands. Defense counsel also explicitly noted that defendant's reasons for striking a person may be different from those underlying the decisions he made once several deputies had tackled him. Consequently, we find no error in the trial court's conclusion that defendant intended to strike deputies when he initiated contact with them, but he instead intended to evade their grasp when he refused to comply with their demands that he stop struggling and attempted to get away from them.

For these reasons, the testimony of the officers that defendant attacked and resisted constitutes substantial evidence supporting the trial court's conclusion that section 654 did not bar multiple punishment for the separate crimes of battery and preventing performance of an executive officer's duties.

Defendant did not meet his burden of showing the absence of substantial evidence supporting the trial court's ruling. By way of example, he offers no analysis of how the

facts of his case are like or unlike the facts in precedent cases construing section 654. The opening brief attempts to fill this gap by insisting defendant "clearly" had only one intention, namely, to strike the officers involved in each of the relevant incidents. We are not persuaded and affirm the judgment.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

7