Filed 2/20/24  P. v. Robbins CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCIS ROBBINS et al.,<br><br>    Defendants and Appellants. | B329423<br><br>(Los Angeles County<br>Super. Ct. No. LA038199) |

THE COURT:

Defendants and appellants Francis Robbins (Francis) and Serean Marshon Robbins (Serean)[1] appeal from the trial court orders denying their petitions for resentencing under Penal Code section 1172.6[2] (former § 1170.95).[3]

---

[1]    Because defendants share the same last name, for ease, when we refer to them individually, we use their first names.  No disrespect is intended.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

Defendants' appointed attorneys found no arguable issues and each filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Under the standard articulated in *Delgadillo*, we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments that defendants raise in their letter briefs. (*Delgadillo, supra,* at pp. 231–232.) Finding none of the arguments meritorious, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. *The Conviction and Sentence*

On May 21, 2004, a jury convicted defendants of premeditated attempted murder (§§ 664/187, subd. (a), 189). The jury also found true findings on associated firearm enhancements (§§ 12022.53, subds. (b)-(e)(1), 12022.5, subd. (a)) and a criminal street gang enhancement (§ 186.22, subd. (b)(1)). The trial court sentenced each defendant on the attempted murder conviction with the criminal street gang allegation to an indeterminate term of 15 years to life, plus a consecutive indeterminate sentence of 25 years to life for the firearm enhancement.

On direct appeal, we affirmed the judgment. (*People v. Robbins* (Nov. 28, 2005, B176019) [nonpub. opn.].)

### II. *Petition for Resentencing*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) in order to "amend the felony murder rule and the natural and probable consequences doctrine,

---

[3] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

2

as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Effective January 1, 2019, Senate Bill No. 1437 added former section 1170.95, subdivision (a), creating a procedure whereby a person convicted of, as relevant here, "murder under . . . [any] theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine," but who could not now be convicted, can petition to have the murder conviction vacated and to be resentenced. (Stats. 2018, ch. 1015, § 4.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to include convictions of "attempted murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (Stats. 2021, ch. 551, § 2.) In other words, as a result of these statutory changes, "the natural and probable consequences doctrine can no longer support a murder [or attempted murder] conviction." (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.)

In June 2022, each defendant filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel; the People filed an opposition; and defense counsel filed a reply brief.

On March 1, 2023, the trial court denied their petitions on the grounds that they failed to state a prima facie case. Each defendant timely filed a notice of appeal.

Defendants' appointed counsel each filed a brief pursuant to *Delgadillo*, *supra*, 15 Cal.5th at page 231 raising no issues.

We then directed counsel to notify each defendant of his counsel's brief and gave each defendant leave to file his own brief or letter stating grounds for appellate relief.

On December 15, 2023, Francis filed a supplemental brief. On January 16, 2024, Serean filed a supplemental brief.

## DISCUSSION

### I. *Francis's Arguments*

In his supplemental brief, Francis asserts that he is entitled to be resentenced because (1) confusing and contradictive instructions permitted the jury to impute malice; and (2) appellate counsel provided ineffective assistance of counsel for failing to make any arguments on appeal.

#### A. Alleged instructional error

Francis has not demonstrated instructional error. Part of the problem with his contention on appeal is that he neglects to identify which instructions were confusing and contradictive. (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 282 [arguments that "are bereft of factual underpinning, record references, argument, and/or authority" require no discussion]; see also *People v. Stanley* (1995) 10 Cal.4th 764, 793.) To the extent he reiterates the argument raised by defense counsel below, his contention fails because, as defense counsel conceded, the jury here was not given an instruction contrary to the instruction given regarding intent and aiding and abetting.

Francis's reliance upon *People v. Maldonado* (2023) 87 Cal.App.5th 1257 is misplaced. In *Maldonado*, "the defendant was convicted of first degree murder by means of lying in wait." (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 932.)

4

Here, there is no evidence or argument that Francis was convicted under a lying in wait theory. Furthermore, the *Maldonado* court stressed that "[d]irect aiding and abetting an implied malice murder remains a valid theory after the amendments of Senate Bills 1437 and 775." (*Maldonado*, at p. 1263.) And the jury here was instructed on direct aiding and abetting, not on implied malice. There is no possibility that the jury was confused.

B. <u>Alleged ineffective assistance of counsel</u>

Francis's ineffective assistance of counsel claim is premised on his appellate counsel's filing of a *Delgadillo* brief instead of arguing his case. "[T]he constitutional right to assistance of counsel entitles an indigent defendant to independent review by the Court of Appeal when counsel is unable to identify any arguable issue on appeal." (*People v. Kelly* (2006) 40 Cal.4th 106, 119.) California's *Delgadillo* procedure is akin to our procedure pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which was approved by the United States Supreme Court in *Smith v. Robbins* (2000) 528 U.S. 259. (See *Kelly*, *supra*, at p. 118.) Under these circumstances, Francis's counsel did not render constitutionally ineffective assistance simply by filing a *Delgadillo* brief.

Furthermore, in considering a claim of ineffective assistance of counsel, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

(*Strickland v. Washington* (1984) 466 U.S. 668, 697; see also *In re Crew* (2011) 52 Cal.4th 126, 150.)

In light of our conclusion that the trial court correctly determined that Francis is ineligible for relief under section 1172.6 as a matter of law, Francis has failed to demonstrate any prejudice based upon his claim of defective representation by appellate counsel.

II. *Serean's Argument*

In his supplemental brief, Serean argues that the trial court erred in using CALJIC No. 17.19.5 to instruct the jury.[4] According to Serean, for the jury to have found the firearm enhancement true, it must have applied the natural and probable consequences doctrine. But this instruction has nothing to do with the natural and probable consequences doctrine.[5] Rather, the term "natural and probable consequence" as used in the instruction here is merely part of the explanation of what constitutes a cause of great bodily injury. None of the other instructions mentions the natural and probable consequences

---

[4] The jury was told: "A cause of great bodily injury is an act or omission that sets in motion a chain of events that produces as a direct, natural and probable consequence of . . . the act or omission the great bodily injury and without which the great bodily injury would not have occurred."

[5] Under the natural and probable consequences doctrine, "[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime." (*People v. Smith* (2014) 60 Cal.4th 603, 611.)

doctrine or suggests that the jury could find Serean guilty of attempted murder on that basis.

Furthermore, the jury was instructed that if it found Serean guilty of attempted murder, it must further determine the truth of the firearm allegations. Because CALJIC No. 17.19.5 instructed that the jury not even consider the gun enhancement allegation unless and until it found Serean guilty of attempted murder, there is no reasonable likelihood that the jury interpreted the gun enhancement instruction to allow it to convict Serean pursuant to the natural and probable consequences doctrine.

## DISPOSITION

The orders are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.