Filed 5/30/24  P. v. Rojas CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B334786 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA068009) |
| v. | |
| AARON ESQUEDA ROJAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Because this appeal is determined by well-settled legal principles, we decide the matter by memorandum disposition. (Cal. Stds. Jud. Admin., § 8.1.)  In 2012, a jury convicted defendant Aaron Esqueda Rojas, also known as Horacio Cruz Amaya, of second degree murder and evading an officer causing death.  The trial court sentenced defendant to 15 years to life on the murder count and added three 1-year prior conviction enhancements under Penal Code section 667.5, subdivision (b) for a total of 18 years to life.  The court imposed but stayed execution of sentence on the evasion count under Penal Code section 654.

In 2023, the trial court appointed counsel for defendant and held a resentencing hearing pursuant to Penal Code section 1172.75.  As mandated by that statute, the trial court struck the three enhancements under Penal Code section 667.5, subdivision (b), and resentenced defendant to 15 years to life.

Defendant appealed.  Appointed appellate counsel filed a brief identifying no arguable issues.  We invited defendant to file a supplemental brief, which he did.

 Because this is an appeal from postconviction relief, we are not required to conduct an independent review of the record, as we might be in a direct appeal from a criminal conviction. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222; see *People v. Wende* (1979) 25 Cal.3d 436.)  When a defendant files a supplemental brief, however, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, at p. 232.)

We first note that defendant is appealing from a favorable court ruling in which the trial court granted him relief, namely the striking of three enhancements.

In his supplemental brief, however, defendant argues the Department of Corrections and Rehabilitation "falsif[ied] the record" following his resentencing. His argument is difficult to follow, but he appears to be challenging the new abstract of judgment's indication of when his sentence commenced. In defendant's view, the first three years he served on his sentence, commencing in November 2012, satisfied the three now-struck enhancements, and therefore his remaining sentence should be deemed to have started three years later, in November 2015. Defendant contends this should entitle him to additional postconviction credit, yet because his new abstract of judgment continues to state his sentence began in 2012, he has been deprived of that credit. Defendant also appears to contend the adjustment in his sentence rendered him eligible for parole earlier.

Defendant cites no authority that resentencing under Penal Code section 1172.75 affects the start date of the original sentence, that the sentence on enhancements is separate from and served prior to the sentence on the underlying crime, or that he is entitled to additional postconviction credits or retroactive parole. (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 282–283 [failure to cite legal authority forfeits argument].) The effect of the trial court's most recent ruling was to shave three years off defendant's total sentence, not to restructure the sentence. Defendant thus has not shown the new abstract of judgment is erroneous.

Defendant argues he is entitled to a new hearing at which "any and all applicable changes to new laws . . . [are] applied." Defendant identifies no "new laws" the trial court failed to consider or apply, and therefore shows no prejudice mandating

3

reversal. (*People v. Hill* (1998) 17 Cal.4th 800, 844 [courts will not reverse judgment absent clear showing of miscarriage of justice].)

Defendant argues his appellate counsel was ineffective for identifying no issues on appeal. A claim of ineffective assistance of counsel requires a showing that counsel's performance was deficient and defendant suffered prejudice as a result. (See *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1146–1147.) Here, defendant has not shown appellate counsel overlooked any arguably meritorious issues, and therefore defendant has not shown that counsel was deficient or that the defendant suffered prejudice.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:



CHANEY, J.



WEINGART, J.

4